**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| LIBERTY HILL REALTY, INC., et al., | CIVIL ACTION NO. 06-4842 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |   |
| ILLVA SARONNO CORP., et al., |   |
| Defendants. |   |

**THE PLAINTIFFS** having commenced this action against Illva Saronno Corp. ("Illva"), Angelo Reina, Domenico Reina, David Kelso (collectively, the "Nonmoving Defendants"), and Readington Township ("Township") on August 24, 2006, alleging (1) breach of contract, (2) fraud, (3) conspiracy to defraud, and (4) civil rights violations under the United States Constitution and the New Jersey state constitution (dkt. entry no. 1, Ex. A, Compl.); and it appearing that the federal civil rights claims are asserted against the Township only; and the Nonmoving Defendants (1) removing this action based on the federal claims asserted against the Township under 28 U.S.C. § 1331 (dkt. entry no. 1, Not. of Rmv.), and (2) asserting cross claims for indemnification and contribution against the Township (dkt. entry no. 4, Nonmoving Defs. Ans. & Cross Claims, at 19-22); and the Township asserting cross claims for indemnification and contribution "against each party now or hereafter joined herein" (dkt. entry

no. 5; Township Ans., at 16); and the Plaintiffs asserting, with respect to the Township, that, <u>inter</u> <u>alia</u>, it is liable (1) for conspiring to defraud the Plaintiffs by "downgrading the zoning for [certain] property, settling litigation with Illva and then purchasing the property from Illva as open space" (counts 5 & 6) (dkt. entry no. 1, Ex. A, Compl., at ¶¶ 64-87; Pl. Br., at 1), and (2) under 42 U.S.C. §§ ("Sections") 1983 and 1985 for violating plaintiff Renay Salamon's ("Salamon") due process rights by (a) "downgrading the zoning of the subject property to uses which involved significant losses in development rights", and (b) "Township officials behaving in an irrational, arbitrary, capricious and vindictive manner toward [Salamon] in the sale of the 62+ acre parcels of property" (count 7, which is incorrectly labeled as a second count 6) (dkt. entry no. 1, Ex. A, Compl., at ¶¶ 90-94; Pl. Br., at 1 (noting that Plaintiffs assert a claim against the Township "for inverse condemnation for down-zoning, and substantive due process claims" but discussing only a substantive due process claim against the Township); and the Township moving to dismiss the complaint insofar as it asserts claims against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (dkt. entry no. 7); and the Plaintiffs opposing the motion (dkt. entry nos. 10 & 11); and

  **IT APPEARING** that the Court, in determining a motion to dismiss, (1) must accept as true all of the factual allegations

in the complaint, and must draw all reasonable inferences in favor of the plaintiffs, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004), Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001), and (2) need not credit bald assertions or legal conclusions alleged in the complaint, Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it further appearing that "[d]ismissal of claims [on a motion to dismiss] is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim upon which relief may be granted", Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002); and

**THE COURT** being unable to determine what relevance Section 1985 has to the factual allegations set forth in count 7 of the complaint, see 42 U.S.C. § 1985 (prohibiting two or more persons from conspiring to (1) prevent an officer of the United States from performing duties, (2) intimidate a party, witness, or juror in connection with an action, or (3) deprive a person of a right or privilege due to racial animus), Friends & Residents of St. Thomas Twp., Inc. v. St. Thomas Dev., Inc., 176 Fed.Appx. 219, 228 (3d Cir. 2006) (noting that to state a claim under Section 1985(3), the plaintiff must allege (1) a conspiracy between two or more persons, (2) motivated by a racial animus and designed to deprive a person of the equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to person or

property or a deprivation of a right or privilege); and the Court noting that Section 1983 does not create substantive rights, but instead provides a remedy for the violation of rights created by other federal laws, Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996), Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); and the Court further noting that a claim brought pursuant to Sections 1983 or 1985 is subject to the statute of limitations for personal injury actions in the state in which the claim arises, O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006) (noting that actions brought under Section 1983 are governed by the personal injury statute of limitations in the state in which the cause of action accrued), Cox v. Bor. of Fort Lee, No. 05-1498, 2005 U.S. App. LEXIS 23958, at *4 (3d Cir. Nov. 4, 2005) (explaining that an action brought under Section 1983 or Section 1985 is subject to the state statute of limitations governing personal injury actions); and thus, the Court determining that the Plaintiffs' Section 1983 and Section 1985 claims are subject to New Jersey's two-year statute of limitations for personal injury actions, Padilla v. Twp. of Cherry Hill, 110 Fed.Appx. 272, 276 (3d Cir. 2004); and the Court also determining that because the "downgrading of zoning uses" referred to in the complaint occurred more than two years before this action was commenced on August 24, 2006, the Plaintiffs' Section 1983 claim against the Township is time-barred insofar as

it relates to the "downgrading of zoning uses" (see Pls. Br., at 9 (noting that Salamon refused to enter into a scheme to "down-zone property" in 1999); Township Br., at 17 (stating that the zoning amendment the Plaintiffs challenge was formally adopted on June 17, 2002)); and

**IT APPEARING** that local government units may be sued directly under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers", Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), see Natale v. Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003); and the Plaintiffs alleging that Salamon's "substantive due process rights were violated when the Township deliberately thwarted the sale of publically auctioned property [to her] and where its actions were motivated by political gain and the desire of a committee member to cause harm to a citizen" (Pl. Br., at 18 (capitalization omitted); and the Plaintiffs asserting, in support of their substantive due process claim, that, inter alia, (1) Township committee member Julia Allen ("Allen") "knowingly added terms to the auction contract to impede Mrs. Salamon, a political opponent, from moving back into the Township or for the purpose of causing harm to Mrs. Salamon", and (2) Allen engaged in a "long pattern" of official mistreatment of Plaintiff Renay

5

Salamon beginning in 1999, including directing the Township's planning board to adjust the boundary lines of her property, evicting her from her property after her husband had surgery, and directing Animal Control "to have [her] cats destroyed" (Pl. Br., at 22-26)[1]; and

**THE COURT** noting that "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty", United States v. Salerno, 481 U.S. 739, 746 (1987) (discussing Fifth Amendment's due process clause, which contains language identical to the Fourteenth Amendment), see Blain v. Radnor Twp., 167 Fed.Appx. 330, 333 (3d Cir. 2006) (stating that municipal land use decisions only violate the substantive

---

[1] In count 7 of the complaint the Plaintiffs assert that the Township violated their rights under the Fifth Amendment by "downgrading the zoning of the subject property to uses which involved significant losses in development rights". (Dkt. entry no. 1, Ex. A, Compl., at ¶¶ 90-91.)  However, "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action. . . ." Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983).  Accordingly, the rights provided by the Fifth Amendment do not apply to the actions of state and local officials. Leventry v. Watts, No. 06-193, 2007 U.S. Dist. LEXIS 36256, at *7 (W.D. Pa. May 17, 2007) ("[T]he Fifth Amendment restricts the actions of federal officials, not state actors."); Kopchinski v. Green, No. 05-6695, 2006 U.S. Dist. LEXIS 53790, at *2-*3 (E.D. Pa. Aug. 2, 2006) (finding that because defendants were state actors, plaintiff's Fifth Amendment claims could not survive summary judgment).  Therefore, the Plaintiffs cannot maintain a Fifth Amendment claim against the Township.  To the extent Plaintiffs assert a substantive due process claim in count 7, such claim is properly analyzed under the Fourteenth Amendment.

6

component of the due process clause when they amount to an abuse of official power that "shocks the conscience"), Thornbury Noble, Ltd. v. Thornbury Twp., 112 Fed.Appx. 185, 188 (3d Cir. 2004) (same), Lindquist v. Buckingham Twp., 106 Fed.Appx. 768, 773 (3d Cir. 2004), United Artists Theatre Cir., Inc. v. Warrington Twp., 316 F.3d 392, 401 (3d Cir. 2003) ("[W]e see no reason why the present case should be exempted from the Lewis shocks-the-conscience test simply because the case concerns a land use dispute."); and the Court further noting that conscience shocking activities "violate the decencies of civilized conduct and [are] so brutal and offensive that they [do] not comport with traditional ideas of fair play and decency," Thornbury Noble, Ltd., 112 Fed.Appx. at 188 (internal quotations and citations omitted), see United Artists Theatre Cir., Inc., 316 F.3d at 400 (noting that the shocks-the-conscience standard only encompasses egregious official conduct); and the Court concluding that even assuming all of Plaintiffs factual allegations are true and the Township and Allen did improperly interfere with the public auction that would have resulted in Salamon purchasing certain property from the Township, Plaintiffs' substantive due process claim still must fail because the alleged arbitrary and irrational actions taken by Allen and the Township do not rise to the level of violating "the decencies of civilized conduct," see Thornbury Noble, Ltd., 112 Fed.Appx. at 188; see also Lindquist,

106 Fed.Appx. at 774 (noting that even a bad faith violation of state law does not support a substantive due process claim in a land use case)[2]; and

    **THE COURT** noting that the Plaintiffs' remaining claims against both the Township and the Nonmoving Defendants for breach of contract, fraud, conspiracy to defraud, and civil rights violations under the New Jersey state constitution are governed by state law; and the Court noting that the Nonmoving Defendants' and the Township's cross claims for indemnification and contribution are also governed by state law; and the Court deciding not to exercise supplemental jurisdiction over the state law claims in view of the impending dismissal of the federal claims, see 28 U.S.C. § 1367(c)(3) (authorizing same); and the Court intending to decide the motion without oral argument

---

    [2] The Court notes that to establish municipal liability under Section 1983, the plaintiff must show that (1) "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom", Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), (2) the policymaker acted with deliberate or reckless indifference in establishing or maintaining a policy or custom that caused a municipal employee to violate the plaintiff's constitutional rights, Sanford, 456 F.3d at 314 (noting that a municipality "may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation"), and (3) the policy or custom was the proximate cause of the injuries sustained, Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996). However, because this Court finds that Plaintiffs failed to rebut the Township's prima facie showing that it did not violate their substantive due process rights, we need not address whether Plaintiffs can establish that a policy or custom of the Township caused a municipal employee such as Allen to violate Plaintiffs' constitutional rights.

pursuant to Rule 78; and the Court intending to (1) grant the motion with respect to the Plaintiffs' civil rights claims under the United States Constitution against the Township, (2) deny the motion without prejudice with respect to the Plaintiffs' state law claims against the Township, (3) remand the state law claims asserted against both the Township and the Nonmoving Defendants, and (4) remand the Nonmoving Defendants' and the Township's cross claims; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge